Gulfport Sash, Door & Blind Manufacturing Company v. Town of Bond.

[49 South. 260.]

1. MUNICIPALITIES. *Receipt and use of building materials. Peremptory instruction. Evidence.*

In a suit against a municipality for the value of building material, evidence showing that the plaintiff delivered the material to the municipality and that it used the same in the construction of its public school building, precludes a peremptory instruction in its favor, in the absence of an uncontroverted affirmative defense.

2. EVIDENCE. *Parol to show contents of writing. Non-production unexplained.*

Parol evidence is inadmissible to show the contents of a written contract, where the non-production of the writing is unexplained.

From the circuit court of Harrison county.

Hon. William H. Hardy, Judge.

The Gulfport, etc., Co., appellant, was plaintiff in the court below; the town of Bond, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*Barrett & Taylor,* for appellant.

The sole and only question for this court to decide in this case is whether or not under the evidence the court should have granted the peremptory instruction for the defendant. It is shown conclusively that an order was received by plaintiff from the town board of Bond for the material, and the town was charged with same. It is shown by the witness Williams, agent of the Gulf & Ship Island Railroad Company and on reports of said company in tracing claim of a portion of a shipment by appellant to appellee which was broken in transit. (See evidence of

Williams.)    The material for the school building was shipped to the town of Bond, that some of the materials was damaged for which the town interposed claim against the railroad for $42.10, which sum was paid to the town and the money used by it; the said material was received, by the town and used in building a public schoolhouse of the said town, a necessity for the municipality.    Going off on the idea that the case of *Pass Christian v. Washington,* 81 Miss. 470, 34 South. 225, the court below gave the peremptory instruction complained of.    In that case plaintiff, a physician, discovered four cases of smallpox in the town, which he reported to the mayor and subsequently the mayor and board of aldermen passed an order, appointing plaintiff health officer of the town, and requested him to take necessary sanitary precautions for the general good of the town.    The court held that "a mere appointment of plaintiff as a health officer, vesting him with the usual authority with respect to sanitary precautions, is in no sense a contract to treat the patient."    That case is not applicable to this.    "The doctrine of implied municipal liabilities," says Mr. Chief Justice FIELD, in a case where the subject underwent a very thorough examination, "applies to cases where money or other property of a party is received under such circumstances, that the general law independent of express contract, imposes the obligation upon the city to do justice with respect to the same.    If the city obtain money of another by mistake, or without authority of law, it is her duty to refund it—not from any contract entered into by her on the subject, but from the general obligation to do justice, which binds all persons, whether natural or artificial.    If the city obtain other property, which does not belong to her, it is her duty to restore it; or if used by her, to render an equivalent to the true owner. From the like general obligation the law, which always intends justice, implies a promise; in reference to money or other property, it is not difficult to determine in any particular case whether a liability, with respect to the same, has attached to the city. The money must have gone into the treasury, or been appro-

priated by her, and when it is property other than money, it must have been used by her, or be under her control. But with reference to services rendered the case is different. Their acceptance must be evidenced by ordinance (or express corporate action) to that effect. If not originally authorized no liability can attach any ground of implied contract. The acceptance, upon which alone the obligation to pay could arise, would be wanting." 1 Dillon, Municipal Corporations (4th ed.), sec. 460; *Church v. Vicksburg,* 50 Miss. 601.

*L. W. Saucie,* for the appellee.

The case of *Methodist Church v. Vicksburg,* cited by counsel for appellant, is a different case altogether from the case at bar. In the *Vicksburg case* the city appropriated the property of the church to its own use without paying a cent therefor to anybody. While a municipal corporation stands on the same footing with an individual in a case of this kind, it is not permitted to take private property and use it without paying the owner therefor, which the city of Vicksburg did in that case, but in the case at bar, the town of Bond did not take the property of appellant, and use it without paying for same. The town contracted with Parcell to build the schoolhouse for a certain sum which he did, and the town paid him in full for the building without any notice from appellant that the contractor had bought the material from it and had not paid for same.

SMITH, J., delivered the opinion of the court.

The evidence introduced on behalf of appellant in the court below showed a delivery by appellant to the town of Bond of the building materials, to collect the value of which this suit was instituted, and the use thereof by the town of Bond in the erection of a schoolhouse. This evidence, if true and unexplained, would entitle appellant to recover. *Methodist, etc., Church v. Vicksburg,* 50 Miss. 601. We do not think these facts were sufficiently explained to bar appellant from a recov-

cry, certainly not to the extent of entitling appellee to a peremptory instruction.

The court was also in error in permitting appellee to prove by parol the terms of its written contract with Parcell, the contractor who built the schoolhouse, without accounting, under well-settled rules, for the absence of the written instrument itself.

*Reversed and remanded.*